UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Plaintiff,                    Case Number 21-20355
v.                                                         Honorable David M. Lawson

DONALD STANLEY LAVIGNE,

                              Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS

Defendant Donald Stanley Lavigne is charged in an indictment with filing false tax returns, making false statements to a bankruptcy court, and making a false statement to a government agent. From the outset of the case, Lavigne has taken the position that he is not the defendant in this case, nor is he a corporation, an estate, or a legal fiction, but rather is "a living man, . . . living on the land." This language is often used by a certain category of tax protester who believes that "the United States Government, including the IRS, is a fraud and that 'they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions.'" *United States v. Gooch*, 595 F. App'x 524, 527 (6th Cir. 2014) (quoting *A Quick Guide to Sovereign Citizens*, Univ. of N.C. Sch. of Gov't (Mar. 2013), http://www.sog.unc.edu/sites/www.sog.unc.edu/files/Sovereign%20citizens%20brief%20guide%20Mar%2013.pdf). (Lavigne resists the "sovereign citizen" label, but he borrows much of the language from the movement's lexicon, and some of his conceptual assertions align with it as well.)

To that end, Lavigne has filed a demand for a Bill of Particulars and has asked the Court to order the government to furnish one. Lavigne balks at characterizing his demand as a "motion," but that is what it is, as the procedure in place to ask a federal court for a ruling is to file a motion.

Fed. R. Crim. P. 47(a).  Lavigne contends that his demand, however, is based on the "common law" and the "Sixth Amendment."   But the language in the Sixth Amendment Lavigne presumably is relying upon states generally that an accused person is entitled "to be informed of the nature and cause of the accusation," and it says nothing about the procedures that are to be applied in federal criminal prosecutions to achieve those goals.  Instead, Congress has declared that the Rules of Criminal procedure "govern all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Crim. P. 1(a).  And the Constitution authorizes Congress "[t]o make all Laws which shall be necessary and proper for carrying into Execution the . . .  Powers vested . . . in the Government." U.S. Const., art. I § 8, cl. 18.  Those laws include the Rules Enabling Act.  *See* 28 U.S.C. §§ 2071-74.  Lavigne's "demand" for a Bill of Particulars, therefore, properly is considered as a motion and it is governed by the Rules of Criminal Procedure, particularly Rule 7(f).

## I.

Based on the May 26, 2021 indictment and the parties' briefs, it is alleged that between 2013 and 2018, defendant Donald Stanley Lavigne earned commissions from working as an independent insurance salesman and making sales for a gutter-protection business.  Indictment, ¶ 2, ECF No. 1, PageID.1.  According to the miscellaneous income forms (Forms 1099-MISC) insurance companies and the gutter-protection company filed with the Internal Revenue Service (IRS), Lavigne earned $301,523 in non-employee compensation from those businesses.  *Id.* at ¶ 3, PageID.2.  However, Lavigne failed to report any of his insurance or gutter-protection sales income on his federal tax returns.  *Id.* at ¶ 4.  He also submitted other documents to the IRS indicating that the Forms 1099-MISC filed by the insurance and gutter-protection companies were erroneous and stating that he did not earn any income for the years 2013 through 2018.  *Id.* at ¶ 5.

The grand jury also alleges that Lavigne filed for bankruptcy on January 12, 2018, and that as part of the bankruptcy process, Lavigne filed schedules falsely stating that he did not owe any taxes, and he falsely stated under oath that the bankruptcy schedules he filed were truthful and accurate. *Id.* at ¶¶ 6-9, PageID.3-4. He also filed an Official Form 107, Statement of Financial Affairs for Individuals Filing for Bankruptcy, in which, it is alleged, he falsely stated that he earned zero gross income in 2016 and 2017. *Id.* at ¶ 8.

Finally, the indictment charges that after being notified that he was the target of a federal grand jury investigation, Lavigne sent a letter to the Department of Justice in which he falsely asserted that his bankruptcy attorney had reviewed his 2017 income tax return and advised him that it was complete and correct. *Id.* at ¶ 10.

The grand jury sitting in this district returned a ten-count indictment against Lavigne charging him with seven counts of willfully subscribing materially false income tax returns in violation of 26 U.S.C. § 7206(1), two counts of making false statements in bankruptcy in violation of 18 U.S.C. § 152(3), and one count of making a false statement to a government agent in violation of 18 U.S.C. § 1001(a)(3). Lavigne was arrested on December 4, 2021 and arraigned on January 4, 2022.

The case initially was set for trial on March 1, 2022, but the trial was adjourned after Lavigne expressed his desire to represent himself in this case and the Court granted attorney Rhonda Brazile's motion to withdraw her appearance as Lavigne's counsel of record. The Court again reset the trial date to ensure that the parties had the time reasonably necessary for effective trial preparation and to address scheduling conflicts raised by attorney Brazile, who now is serving as Lavigne's standby counsel. Lavigne filed his "demand" for a Bill of Particulars on May 10,

2022. He also contemporaneously filed an "affidavit" purporting to rebut allegedly false presumptions he avers were made by the Court, including that he is the defendant.

The Court heard oral argument on the motion on June 6, 2022.

II.

The precise grounds for defendant Lavigne's demand are difficult to discern from his briefing, which broadly asserts that he is entitled to probe the nature of the claims against him as well as the nature and scope of the Court's jurisdiction, the government's prosecutorial authority, and his status as the defendant. He seeks the answers to 85 questions on a sweeping range of topics, which he has grouped into the following categories:

(1) "Evidence of Authority," in which he demands among other things "certified charters" of the United States of America and IRS, documents enumerating the authority of the Secretary of Treasury, and a statement whether the Court and federal prosecutors are agents of the United States;

(2) "Definitions Required," in which he demands that the government define terms ranging from the "United States of America" to "income" to "individual;"

(3) "Evidence of Status," in which he demands factual evidence that he is the defendant in this matter, or a person or citizen, etc.;

(4) "Law of the Case," in which he demands evidence regarding the constitutionality of the Court and federal criminal prosecutions, the identity of the injured party in this matter, the elements of and value or penal sum of the charges against him, and many other things; and

(5) "Procedural Requirements," in which he asks questions regarding IRS Form 1040 and demands that the government certify the charges in the indictment.

Lavigne argues that this information properly is sought via a bill of particulars because an indictment must allege every "ingredient" of an offense (he cites *United States v. Cook*, 84 U.S. 168, 174 (1872), for this proposition), which includes the jurisdiction and venue under which criminal charges are brought. He says that the government must deliver him a bill of particulars within 10 days of his demand or dismiss the charges against him. He objects to the Court holding

a hearing on his demand, which he maintains is not a motion; to holding any proceedings without specifying whether the Court is exercising admiralty or maritime jurisdiction; and to operating as a "private administrative tribunal."

As mentioned above, Lavigne's arguments reflect a particular ideology common to tax protesters.  One court has observed that these arguments "directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."  *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017).  According to those adherents, "the Constitution recognized three types of court jurisdiction: law, equity, and admiralty.  Jurisdiction in law refers to common law, which requires an injury to a person or property before a crime or tort is committed. . . . Admiralty jurisdiction, once limited to the high seas, has illegitimately expanded[, they believe,] to include international contract and has both civil and criminal penalties."  Francis X. Sullivan, *The "Usuring Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wisc. L. Rev. 785, 804 (1999).

This explanation begins to cast some light on Lavigne's demands and his insistence that he is a "man living on the land": he wants to avoid being swept into an admiralty court.  But the problem with Lavigne's arguments and the movement attached to them is that every court to have encountered those premises has rejected them in a variety of contexts.  *See, e.g., United States v. McLaughlin*, 675 F. App'x 387, 387 (4th Cir. 2017) (per curiam) (noting that the district court perceived the defendant's behavior as the product of his defiance and adherence to Moorish Nationalist ideals, rather than any mental instability or inability); *United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting the defendant's attempts "to argue that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts'

jurisdiction does not apply"); *Rott v. Oklahoma Tax Comm'n*, 604 F. App'x 705, 708 (10th Cir. 2015) (rejecting the *pro se* plaintiff's "trust arguments . . . that until the relevant government actor . . . establishes a commercial nexus, there is no 'taxpayer;' hence, no income"); *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) (holding that the defendant's "numerous comments . . . disputing jurisdiction and other 'nonsensical' issues [such as calling] the United States a corporation" along with his profession of a sovereign citizen belief system did not display a lack of competence); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that the phrases used by the defendant "are often used by so-called 'sovereign citizens, who believe they are not subject to the jurisdiction of the courts and who frequently deny that they are the defendants in the action, instead referring to themselves as third-party intervenors'"); *United States v. Vallone*, 698 F.3d 416, 482 (7th Cir. 2012) (noting that the claim that one is a sovereign citizen and therefore not a citizen of the United States under the Fourteenth Amendment and the Code of Federal Regulations is "emblematic of tax protesters" and has been repeatedly rejected as frivolous by the courts), *judgment vacated on other grounds sub nom. Dunn v. United States*, 570 U.S. 901 (2013); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. James*, 328 F.3d 953, 954-56 (7th Cir. 2003) (disruptive defendant who claimed that he was a Moorish national and "copyrighted" his name and sent invoices to government officials who used his name did not warrant a competency hearing).

III.

Returning to the matter at hand, to enforce the Sixth Amendment's requirement to furnish an accused person notice of the "nature and cause of the accusation," the Rules of Criminal

Procedure authorize "[t]he court [to] direct the government to file a bill of particulars." Fed. R.

Crim. P. 7(f). A bill of particulars is needed when the indictment does not provide enough detail

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345

F.2d 111 (6th Cir. 1965)). It "is meant to be used as a tool to minimize surprise and assist [the]

defendant in obtaining the information needed to prepare a defense and to preclude a second

prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)

(citing *Birmley*, 529 F.2d at 108; *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)).

There are limitations, though. For example, "a defendant is not entitled to a bill of

particulars with respect to information which is available through other sources." *United States v.*

*Paulino*, 935 F.2d 739 (6th Cir. 1991), *recognized as superseded by statute on other grounds*,

*United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000).

Generally, a defendant must ask for a bill of particulars within 14 days after arraignment,

Fed. R. Crim. P. 7(f), and the government says that the Court should reject Lavigne's demand

because it is too late. But Rule 7(f) allows the Court to entertain such a motion "at a later time,"

and it is appropriate to do so here. Lavigne was incarcerated at the time of his first appearance,

which was in another district, and insisted on representing himself. He says that he did not have

access to materials that would facilitate his legal research, and he has acknowledged that he is

untrained in the law, including procedural law. It is appropriate to afford a *pro se* defendant some

measure of latitude with timing requirements, and the government has not identified any prejudice

caused by the delayed request.

Nonetheless, Lavigne's motion fails on the merits, because the indictment sufficiently informs him about the factual basis of the false subscription and false statement crimes charged.

The indictment plainly tracks the elements of the charged crimes according to the pertinent statutes. Lavigne is charged with seven counts of violating 26 U.S.C. § 7206(1), which states that "[a]ny person who . . . willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony." Because "Section 7206 is a perjury statute that criminalizes lying on any document filed with the IRS, . . . the government need only prove that a defendant willfully made and subscribed a return, that the return contained a written declaration that it was made under penalties of perjury, and that the defendant did not believe the return to be true and correct as to every material matter." *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002) (citing *United States v. Bishop*, 412 U.S. 346, 350 (1973)). The indictment here charges that Lavigne willfully filed seven tax return forms that he knew were not true and correct and verified each form by a written declaration made under the penalty of perjury. Indictment, ¶ 12, ECF No. 1, PageID.4-5. It specifies the date of each filing, the line where Lavigne falsely reported his income, and the amount of income Lavigne falsely and willingly reported that he earned on each form. *Ibid.* These details are sufficient for Lavigne to understand in detail the "who, what, when, where, and why" of the false statements he is alleged willfully to have made in his tax filings. *See United States v. Hall*, 261 F. Supp. 3d 812, 818 (E.D. Mich. 2017).

The indictment similarly tracks the elements of the other crimes charged in the indictment. Lavigne is charged with two counts of making false statements in bankruptcy in violation of 18 U.S.C. § 152(3). To convict him of that crime, the government must prove that he "knowingly

and fraudulently" made a "false declaration, certificate, verification, or statement under penalty of perjury" during his bankruptcy proceedings.  *See United States v. Bruner*, 616 F. App'x 841, 846 (6th Cir. 2015) (quoting 18 U.S.C. § 152(3)).  Here, the indictment alleges that on January 24, 2018, Lavigne twice knowingly submitted false statements during his bankruptcy case — once by submitting a schedule of creditors that did not include the IRS, and once by stating that he earned zero income in 2016 and 2017.  Indictment, ¶¶ 14, 15, ECF No. 1, PageID.6-7.  The indictment lists the specific documents where Lavigne made false statements, what his false statements were, and why they were false.  *Ibid.*

Lavigne also is charged with one count of making a false statement to a government agency in violation of 18 U.S.C. § 1001(a)(3).  To convict someone of that crime, the government must prove that "(1) the defendant made a statement; (2) the statement is false or fraudulent; (3) the statement is material; (4) the defendant made the statement knowingly and willfully; and (5) the statement pertained to an activity within the jurisdiction of a federal agency."  *United States v. White*, 492 F.3d 380, 396 (6th Cir. 2007) (quoting *United States v. Raithatha*, 385 F.3d 1013, 1022 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1136 (2005)).  The indictment charges that in an April 1, 2020 letter to the Tax Division of the Department of Justice, Lavigne stated that his bankruptcy attorney had advised him that his 2017 income tax return was "correct and complete," despite knowing that the statement was false.  Indictment, ¶¶ 17-18, ECF No. 1, PageID.8-9.  It further charges that Lavigne sent the letter after being notified that he was the target of a federal grand jury investigation in order to prevent the government from bringing charges against him.  *Id.* at ¶ 10, PageID.4; *see United States v. Grenier*, 513 F.3d 632, 638 (6th Cir. 2008) (holding that an activity is within the jurisdiction of a federal agency "when the federal agency has power to exercise its authority, even if the federal agency does not have complete control over the matter").

Those details are sufficient to permit Lavigne to identify the conduct underlying the bases of the charges, and it is not apparent how a bill of particulars is necessary to further explicate them.

Moreover, it is well settled that "[i]f a defendant has received 'ample discovery' which is sufficient to answer the questions advanced in the defendant's motion for a bill of particulars, then the district court does not abuse its discretion in denying the motion." *United States v. McQuarrie*, No. 16-20499, 2018 WL 372702, at *5 (E.D. Mich. Jan. 11, 2018) (citing *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (noting that the defendant did "not claim that his discovery process was in fact unmanageable or that he was unable to prepare a defense")).  Of course, it also is recognized that "the Government does not necessarily fulfill its obligation of providing fair notice of the charges 'merely by providing mountains of documents to defense counsel,'" *ibid.* (quoting *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987)), and "[o]ften, a bill of particulars will be necessary to clarify the alleged date and location of certain charged actions," *id.* at *6 (citing *United States v. Sanders*, 462 F.2d 122, 123 (6th Cir. 1972)).  But Lavigne does not make that argument here.  Instead, the government represents, and Lavigne does not dispute, that it has disclosed to Lavigne all of the relevant IRS forms filed by the insurance and gutter protection businesses, his IRS records and filed returns, the records from his bankruptcy case, and his correspondence with the Department of Justice regarding his tax liability.  Together with the indictment, these materials are sufficient to inform Lavigne of the charges against him and permit him to prepare for trial adequately.

But acquiring factual detail about the charges is not the thrust of Lavigne's demand.  Although some of the information he seeks touches upon the charges against him, most of the 85 questions listed in his motion appear to attack the Court's constitutional and statutory authority to try him, his legal status as a "person," and the Court's status as an Article III court.  A bill of

particulars emphatically is not the proper vehicle for such advocacy. *See United States v. Cooper*, 902 F.2d 1570, 1990 WL 67885, at *1-2 (6th Cir. 1990) (table) (affirming a district court denial of a similar motion as "frivolous"). It is "not to be used as a general discovery device," *United States v. Martin*, 822 F.2d 1089, 1089 (6th Cir. 1987), nor "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial," *Salisbury*, 983 F.2d at 1375.

As the Court explained in its March 28, 2022 order denying Lavigne's petition for writ of habeas corpus, Lavigne cannot negate the Court's jurisdiction over this criminal matter by arguing that he is not a person or is not subject to federal law. *See* ECF No. 49. As noted earlier, federal courts uniformly have rejected such arguments as meritless. *See, e.g.*, *United States v. Pryor*, 842 F.3d 441, 444 n.2, 448 (6th Cir. 2016) (rejecting a "sovereign citizen" defendant's argument that federal courts lack jurisdiction or standing to try criminal cases); *Coleman*, 871 F.3d at 476 (collecting cases rejecting "meritless rhetoric frequently espoused by tax protesters"). "The day has long since passed to object to the constitutionality of our system of taxation." *Cooper*, 1990 WL 67885, at *2 (quoting *United States v. McMullen*, 755 F.2d 65, 67 (6th Cir. 1984) (per curiam)). Lavigne's demand seeks information far outside the scope of a bill of particulars.

## IV.

Defendant Donald Stanley Lavigne has not shown that the indictment and the discovery the government has furnished are insufficient to inform him of "the nature and cause" of the charges against him.

Accordingly, it is **ORDERED** that the defendant's motion for a Bill of Particulars (ECF No. 64) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  June 23, 2022